UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
In re:

DENNIS WILSON and SHEILA WILSON,

                                        Debtors.
----------------------------------------------------------------------x

GREEN TREE SERVICING, LLC,

                                        Appellant,                          14-CV-9543 (CS)

              - against -                                               **OPINION AND ORDER**

DENNIS WILSON and SHEILA WILSON,

                                        Appellees.
----------------------------------------------------------------------x

<u>Appearances</u>:

Jeffrey S. Greene
Law Offices of Jeffrey S. Greene, P.C.
White Plains, New York
*Counsel for Appellant*

Simon Haysom
Mark T. Starkman
Law Offices of Simon Haysom LLC
Goshen, New York
*Counsel for Appellees*

<u>Seibel, J.</u>

        Before the Court is Green Tree Servicing LLC's appeal from the Bankruptcy Court's

November 6, 2014 order denying its Motion to Expunge and/or Disallow Claim #18, (the "Claim

#18 Order," Bk. Docs. 56, 59).[1]  For the reasons that follow, the Claim #18 Order is VACATED

and the case is REMANDED to the Bankruptcy Court for further proceedings.

---

[1] "Bk. Doc." refers to a document filed on the docket in the bankruptcy case, No. 14-35413.  "Dist. Doc." Refers to a document filed on the docket in this appeal before the District Court.

## I. **Background**

Dennis and Sheila Wilson ("Debtors") filed a Chapter 13 bankruptcy petition on March 4, 2014. (Bk. Doc. 1.) On Schedule D of their petition, Debtors stated that there were two secured claims on their primary residence at 23 Dekay Road, Warwick, New York: the senior mortgage held by Select Portfolio Servicing, Inc. ("SPS") and the junior mortgage held by Green Tree Servicing LLC ("Green Tree"). (*Id.* at 13.) On March 18, 2014, Green Tree filed a proof of claim for the junior mortgage, which was deemed Claim #1.

On May 16, 2014, Debtors filed a motion to reclassify the junior mortgage as unsecured (or "strip" it), pursuant to 11 U.S.C. §§ 506(a), 1322(b), and *In re Pond*, 252 F.3d 122, 126 (2d Cir. 2001), (the "*Pond* motion," Bk. Doc. 22). Debtors attached to their motion exhibits showing that the appraised value of their residence was less than the balance owed to SPS on the senior mortgage. (*See* Bk. Docs. 22, 23.) Green Tree opposed the motion on the ground that, because SPS had not filed a proof of claim for the senior mortgage, it did not have an "allowed claim" in the bankruptcy and Debtors thus could not use SPS's mortgage as a basis to strip Green Tree's mortgage. (Bk. Doc. 34.) In response, on July 16, 2014, pursuant to Bankruptcy Rule 3004,[2] Debtors filed a proof of claim for SPS's mortgage lien, which was deemed Claim #18. This proof consisted of only the three-page Official Form B10, (Proof of Claim 18-1). On August 14, 2014, the Bankruptcy Court granted Debtors' *Pond* motion, voided Green Tree's junior mortgage lien, and reclassified Green Tree's claim as unsecured. (Bk. Doc. 46.)

On August 21, 2014, Green Tree moved to expunge Claim #18, arguing that Debtors failed to provide Attachment A to Form B10 or any evidence substantiating SPS's claim or proving that its security interest was perfected. (Bk. Doc. 47 at 3.) Green Tree also argued that

---

[2] Bankruptcy Rule 3004 provides that if a creditor does not file a proof of claim by its deadline to do so, the debtor may file a proof of claim on behalf of the creditor within 30 days of that deadline. *See* Fed. R. Bankr. P. 3004.

SPS lacked standing as the creditor for the senior mortgage because other documents filed by Debtors showed that the mortgage was actually held by Deutsche Bank National Trust Company as Trustee on behalf of the holders of the J.P. Morgan Acquisition Trust 2007-CHI Asset Backed Pass-Through Certificates Series 2007-CHI ("Deutsche Bank").  (*Id.* at 3.)  In opposing Green Tree's motion, Debtors provided an affidavit from debtor Dennis Wilson in which he stated that "[t]here is absolutely no doubt in my mind . . . that SPS properly represents [my] original mortgage . . . . [b]ut who sold what mortgage to whom, I just don't have those documents."  (Bk. Doc. 52 Ex. D at 2.)[3]  Then, on September 29, 2014, Debtors filed an amended proof of claim (Proof of Claim 18-2) that, in addition to Official Form 10B, included:

- a copy of the senior mortgage between J.P. Morgan Chase Bank, N.A. ("Chase") and Debtors, dated December 27, 2005, including a cover sheet from the Orange County Clerk's Office showing that the mortgage was recorded on January 26, 2006;
- a copy of an assignment of the senior mortgage from Chase to Deutsche Bank, dated January 24, 2013; and
- a letter from SPS attorney Jordan S. Katz, dated June 9, 2014, stating that SPS "is the servicing agent for the mortgage referenced in the attached Proof of Claim" and that SPS planned to file an additional amendment of the proof of claim "to reflect the actual amounts due and owing on the subject mortgage."

On September 30, 2014, the Bankruptcy Court denied Green Tree's motion to expunge Claim #18 in an oral ruling.  (*See* Bk. Doc. 56.)  The Bankruptcy Court held that Debtors' proof of claim was valid because they provided sufficient supporting documentation:  "the assignment of the mortgage note, the mortgage note, and supplemental letters from SPS stating that it is the servicing agent."  (*Id.* at 12.)  The court also held that SPS had standing as a creditor of the mortgage because Debtors established SPS's interest by proffering an SPS mortgage statement, the mortgage note, the assignment of the mortgage note, a letter from SPS stating it is the

---

[3] An unexecuted copy of the senior mortgage and an SPS mortgage statement dated September 13, 2013, were attached to Mr. Wilson's affidavit.

servicing agent, and the affidavit of Mr. Wilson ("someone with personal knowledge of the facts supporting standing"), and because Debtors listed SPS on their schedule and in their plan.[4]  (*Id.* at 9-10.)  The Bankruptcy Court also explained that the status of Claim #18 had no bearing on whether Debtors were entitled to strip Green Tree's mortgage, which only required "debtor to provide the lien amount of the first mortgage, the proof of claim of the second mortgage and a valuation of the debtor's principal residence."  (*Id.* at 14-15.)

Green Tree appealed the Claim #18 Order.  (*See* Bk. Doc. 60; Dist. Doc. 1.)  On March 26, 2015, after the briefing of this appeal was completed, SPS filed an amended proof of claim for Claim #18, (Proof of Claim 18-3), that provided the following additional documentation:

- an updated Official Form 10B that revised the claim amount upward to $320,725.34 (from $283,987.45);

- Attachment A to Form 10B ("Mortgage Proof of Claim Attachment"), which itemized the fees, expenses and charges within the total claim amount;

- a copy of the mortgage note, dated December 27, 2005;

- a modification agreement between Debtors and Chase, dated April 5, 2008;

- a cover sheet showing that the January 24, 2013 assignment of the mortgage from Chase to Deutsche Bank was recorded in the Orange County Clerk's Office on April 3, 2013; and

- an SPS statement addressed to Debtors, dated March 12, 2014.

In this appeal, Green Tree argues that the Bankruptcy Court erred by holding that the proof of claim for Claim #18 is valid, that SPS has standing, and that its prior ruling granting Debtors' *Pond* motion was correct.  (*See* GT's Mem. 2-3.)[5]

---

[4] Debtors included SPS's mortgage lien in their Chapter 13 plan.  (*See* Bk. Doc. 3 at 3.)

[5] "GT's Mem." refers to Appellant's Brief, (Dist. Doc. 8).

## II. <u>Discussion</u>

### A. <u>Standard of Review</u>

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court.  A district court reviews a bankruptcy court's findings of fact for clear error and reviews its legal conclusions *de novo*.  *Overbaugh v. Household Bank N.A.* (*In re Overbaugh*), 559 F.3d 125, 129 (2d Cir. 2009) (per curiam).  "Mixed questions of fact and law are subject to *de novo* review."  *Babitt v. Vebeliunas* (*In re Vebeliunas*), 332 F.3d 85, 90 (2d Cir. 2003); *see Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 580 (2d Cir. 2011).

### B. <u>Analysis</u>

#### 1. <u>Proof of Claim #18 and SPS's Standing</u>

A proof of claim is "prima facie evidence of the validity and amount of the claim" if it is filed in accordance with the rules set forth in Federal Rule of Bankruptcy Procedure 3001.  Fed. R. Bankr. P. 3001(f).  These rules include that the proof of claim must "conform substantially to the appropriate Official Form," Fed. R. Bankr. P. 3001(a); include "an itemized statement of the interest, fees, expenses, or charges" included within the claim total, Fed. R. Bankr. P. 3001(c)(2)(A); attach a copy of the writing that secures the claim (if applicable), Fed. R. Bankr. P. 3001(c)(1); include "the attachment prescribed by the appropriate Official Form" if the security interest is the debtor's principal residence, Fed. R. Bankr. P. 3001(c)(2)(C); and provide "evidence that the security interest has been perfected," Fed. R. Bankr. P. 3001(d).  "Failure to attach the documentation required by Rule 3001 will result in the loss of the *prima facie* validity of the claim."  *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010).  Additionally, where the claimant is a mortgage servicer, it must provide evidence that it is the servicer of the

relevant mortgage in order to establish that it has standing to assert a claim for that mortgage. *See Minbatiwalla*, 424 B.R. at 109.  If a claim is *prima facie* valid it "cannot be defeated by mere formal objection," but rather an objector must introduce evidence as to the claim's invalidity to challenge it.  *Id.* at 111 (quoting *In re Sabre Shipping Corp.*, 299 F. Supp. 97, 99 (S.D.N.Y. 1969)).

In the Claim #18 Order, the Bankruptcy Court held that Claim #18 was valid because Debtors' amended proof of claim (18-2) included the mortgage note, the assignment of the note, and letters from SPS stating that it is the servicer.  (Bk. Doc. 56 at 12-13.)  And the court held that because Debtors also provided an affidavit from Mr. Wilson confirming SPS's role as servicer and listed SPS as a creditor in their schedule and plan, Debtors also established that SPS has creditor standing.  (*Id.* at 9-10.)

Green Tree argues that the Bankruptcy Court abused its discretion by considering amended proof of claim 18-2 because it was filed without leave of court and less than 24 hours before the return date for the Claim #18 Motion.  (GT's Mem. 14-15, 23.)  Green Tree also argues that the Bankruptcy Court erred by failing to analyze whether 18-2 was a proper amendment before accepting it and by permitting it even though it is "materially different" from 18-1.  (*Id.* at 15-16.)  Finally, Green Tree argues that even if 18-2 could be considered, it falls short of the proof required to establish SPS's lien's validity.

"It is well-settled that the decision to permit an amendment of a proof of claim rests within the sound discretion of the bankruptcy judge."  *In re McLean Industries, Inc.*, 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990).  Furthermore, "amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim."  *In*

*re Integrated Res., Inc.*, 157 B.R. 66, 70 (S.D.N.Y. 1993).  That said, "the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment."  *Id.*; *see In re AM Int'l, Inc.*, 67 B.R. 79, 81 (N.D. Ill. 1986) ("Amendments to proofs of claim filed after the bar date in bankruptcy cases are scrutinized closely to ensure that the amendment is genuine rather than an assertion of an entirely new claim.").  Here, the Bankruptcy Court was well within its discretion to permit Debtors' amended proof of claim, having correctly found that it supplemented the timely filed original claim.  Green Tree's suggestion that the mortgage assignment attached to 18-2 shows that it is a claim materially different from the original claim is baffling.  As the Bankruptcy Court correctly found, (*see* Bk. Doc. 56 at 12), and is obvious from a comparison of 18-1 and 18-2, the assignment is simply documentation that supports the original claim.

Green Tree is correct, however, that 18-2 fails to meet several of Rule 3001's requirements.  It does not include Attachment A to Official Form 10B, which was required because the mortgage is secured by Debtors' primary residence, *see* Fed. R. Bankr. P. 3001(c)(2)(C), nor any other itemized statement of the interest, fees, expenses, and charges included in the claim, *see* Fed. R. Bankr. P. 3001(c)(2)(A).  Additionally, while Debtors provided some documents related to the security interest, including the mortgage agreement, they did not attach the mortgage note itself and the assignment that they provided transferred the agreement but did not mention the note.[6]  *See In re Mims*, 438 B.R. 52, 56-57 (Bankr. S.D.N.Y. 2010) (in New York, assignment of security interest can be accomplished through delivery of the note or written assignment but written assignment must "include language assigning the [n]ote along with the [m]ortgage").

---

[6] Green Tree is correct that the Bankruptcy Court mistakenly found that 18-2 included a copy of the mortgage note, when it did not.  (*See* Bk. Doc. 56 at 12.)

Each of 18-2's defects, however, has been remedied by the most recent amendment to the proof of claim, 18-3, which SPS filed on March 26, 2015.  Proof of Claim 18-3 includes Official Form 10B Attachment A (itemizing the claim's interest, fees and charges) as well as a copy of the mortgage note, which demonstrates the note's delivery to SPS.  Together with Mr. Wilson's affidavit confirming that SPS is the servicer of the senior mortgage, SPS's mortgage statements, and the fact that Debtors included SPS on their Schedule D and in their Chapter 13 plan, this evidence demonstrates that SPS is the servicer of the underlying mortgage and thus a creditor with standing to file a claim.  *See In re Conde-Dedonato*, 391 B.R. 247, 250 (Bankr. E.D.N.Y. 2008) (servicer demonstrated its standing where it provided note, mortgage, and "an affidavit attesting that it is the servicer of the note and mortgage" and debtor did not dispute this and listed servicer in its schedules and plan).

Green Tree, on notice that SPS planned to file a further amendment of Claim #18, (*see* Proof of Claim 18-2 Pt. 3 (Katz letter)), argues that such amendment should not be permitted because SPS's "right to file a proof of claim expired July 1, 2014 and the law does not allow a creditor to supersede a claim filed by the Debtor under Rule 3004."  (GT's Mem. 27.)  But while the July 1, 2014 deadline bars SPS from filing a "superseding" claim (defined as one that "by its nature may include a broader spectrum of demands against the debtors"), it does not prevent SPS from amending the existing claim that Debtors timely filed on its behalf.  *See United States v. Kolstad (In re Kolstad)*, 928 F.2d 171, 175 (5th Cir. 1991) (bankruptcy court has discretion to allow creditor to file, after the bar date, amendment to a proof of claim timely filed on its behalf by debtor).[7]  Green Tree has not argued that permitting further amendment would unfairly

---

[7] Green Tree cites two cases for its position that a creditor cannot amend a debtor's claim, but they do not stand for that proposition.  In *In re Hill*, 286 B.R. 612, 620-21 (Bankr. E.D. Pa. 2002), the bankruptcy court rejected the creditor's late-filed claim because the creditor "did not indicate anywhere on its Proof of Claim that it was an amendment to the Debtor's Proof of Claim or even that Debtor had previously filed a proof of claim relating to its

prejudice its rights.  And thus far, all of Green Tree's objections to SPS's mortgage lien have been as to matters of form; Green Tree has not disputed the actual existence, legal validity, or amount of the lien.  But because 18-3 was not before the Bankruptcy Court when it issued the Claim #18 Order, I cannot consider it in this appeal of that order.  *See Wilson v. Creditors' Comms. of Commodore Int'l Ltd.* (*In re Commodore Bus. Machs.*), 246 B.R. 476, 489 (S.D.N.Y. 2000) (declining to consider material filed after bankruptcy court's order as "not relevant to the appeals herein").  Accordingly, I vacate the Claim #18 Order and remand to the Bankruptcy Court for further proceedings, which may include consideration of 18-3 if that court chooses.

> 2.  The Stripping of Green Tree's Lien

Even if I reversed the Bankruptcy Court's order and expunged Claim #18 (or if the Bankruptcy Court does so on remand), however, the effect on Green Tree's now-unsecured claim would be nil.  Green Tree's attempt to restore its junior mortgage lien by attacking the proof of claim for SPS's senior mortgage lien is based on a fundamental misunderstanding of the purpose that a claim serves in a bankruptcy proceeding.[8]  An allowed claim entitles the claimant to receive payments under a confirmed Chapter 13 plan but has no bearing on the validity of a

---

claim," or otherwise indicate that it intended to amend the debtor's proof of claim.  Such is not the case here, where SPS clearly signified its intention that 18-3 amend 18-2 by checking the amendment box on the copy of Form 10B submitted with 18-3 and by stating in its June 9, 2014 letter that it planned to file "an amendment to said Proof of Claim to reflect the actual amounts due and owing on the subject mortgage," (*see* Proof of Claim 18-2 Pt. 3).  In *In re Kelley*, 259 B.R. 580, 585 (Bankr. E.D. Tex. 2001), the bankruptcy court recognized that it "could, pursuant to its equitable power recognized in *In re Kolstad*, [928 F.2d 171,] construe [the creditor's] late claim as 'amending' rather than 'superseding' the claim filed on its behalf by the Debtor," but declined to do so where the creditor "failed to establish any facts which would warrant the exercise of this Court's equitable power in such a manner."

[8] Green Tree's appeal of the denial of its motion to expunge "to the extent said Motion requested the Bankruptcy Court to correct a clear error in [its order granting the *Pond* motion]," (GT's Mem. 3), is procedurally improper.  Green Tree did not, in its motion to expunge, seek reconsideration of the order on the *Pond* motion.  It may incorrectly have thought that success on the former would affect the latter, but the only relief sought was the expungement of Claim #18, (*see* Bk. Doc. 47), and the denial of that relief is the only order timely appealed to this Court, (*see* Dist. Doc. 1).  *See* Fed. R. Bankr. P. 8002(a) ("[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.").  Green Tree had the opportunity to appeal the order granting the *Pond* motion, but chose not to, and may not circumvent the rules by attempting to introduce the issue in the current appeal.  Nevertheless, the Court addresses the issue in an excess of caution.

mortgagee's lien.  *See Minbatiwalla*, 424 B.R. at 118 n.8 ("[E]ven if Claim # 2 is expunged, the mortgagee's lien will ride-through the bankruptcy, as a secured creditor is not required to file a proof of claim."); *In re Saric*, No. 12-60936, 2013 WL 6536752, at *1 n.2 (Bankr. N.D.N.Y. Dec. 12, 2013) ("[T]he validity, priority, and extent of the lien are not implicated when a debtor seeks to declare a lien void on the basis that the collateral is valued at zero.") (citing *In re Robert*, 313 B.R. 545, 549-50 (Bankr. N.D.N.Y. 2004)).  Indeed, a secured creditor who is not seeking a distribution "is not required to file a proof of claim and may choose to ignore the bankruptcy proceeding and look to its lien for satisfaction of the debt."  *In re Dumain*, 492 B.R. 140, 143 (Bankr. S.D.N.Y. 2013) (quoting *In re Hogan*, 346 B.R. 715, 719 n.7 (Bankr. N.D. Tex. 2006)) (internal quotation marks and alteration omitted); *see Dewsnup v. Timm*, 502 U.S. 410, 417 (1992) (liens "pass through bankruptcy unaffected"); *In re Cromer*, 185 B.R. 1, 3 (Bankr. N.D.N.Y. 1994) ("[T]he failure of a secured creditor to file a proof of claim . . . leaves unaffected the lien of that secured creditor."); *see also Christo v. Wells Fargo Bank* (*In re Christo*), No. 12-30083, 2012 WL 3839238, at *6 (Bankr. N.D. Ohio Sept. 4, 2012) ("[O]nly an unsecured creditor is required to file a proof of claim for the claim to be allowed.").  "This lack of connection between avoiding a creditor's lien and the filing of a proof of claim is part of the structure of the Bankruptcy Code and Rules."  *Christo*, 2012 WL 3839238, at *5.

The Bankruptcy Court was correct that "the lien amount of the first mortgage, the proof of claim of the second mortgage and a valuation of the debtor's principal residence," was sufficient to void Debtors' junior mortgage.  (Bk. Doc. 56 at 14); *see Robert*, 313 B.R. at 550-51 (stripping junior mortgage based on Debtors' petition listing each mortgage lien amount and Debtors' uncontested appraisal of residence's value).  "It is important to recognize . . . that stripping off a lien is simply a result that flows under § 506(d) from the *valuation* of the

allegedly unsecured mortgage." *In re Millspaugh*, 302 B.R. 90, 98 (Bankr. D. Idaho 2003) (emphasis added).[9]  Thus, even if Claim #18 were to be disallowed, that would have no bearing on whether the Bankruptcy Court's lien stripping was proper.[10]

### III.  Conclusion

For the reasons stated above, the Bankruptcy Court's Claim #18 Order is VACATED, and the case is REMANDED for further proceedings.  The Clerk of Court is respectfully directed to terminate the pending appeal.  (No. 14-CV-9543.)

**SO ORDERED.**

Dated: June 5, 2015
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[9] Green Tree argues that *In re Aziz*, No. 10-16696, 2011 WL 5836895 (Bankr. S.D.N.Y. Nov. 18, 2011), supports its position because that opinion "specifically referenced the competing proof of claims filed by the respective first and second mortgage lien before commencing the . . . *Pond* analysis."  (GT's Mem. 33.)  First, it is obvious from the *Aziz* decision that the Court was simply reciting the procedural history of the case when it mentioned the proofs of claim.  *See Aziz*, 2011 WL 5836895 at *1.  There appears to have been no dispute as to the amounts outstanding on each mortgage, and the controversy was over the value of the collateral.  Second, as a matter of logic, the fact that both mortgagees decided to file proofs of claim does not suggest that those proofs were required before the court could grant the debtors' *Pond* motion and strip the junior lien.  *See Robert*, 313 B.R. at 350-51 (granting *Pond* motion without mentioning whether proof of claim was filed for senior mortgage).  Again, Green Tree "seeks to make a connection between the filing of a proof of claim and the allowance of a creditor's lien where no such connection exists."  *Christo*, 2012 WL 3839238, at *5.

[10] The recent Supreme Court decision on lien stripping, *Bank of America, N.A. v. Caulkett*, has no effect on the Bankruptcy Court's order granting the *Pond* motion because *Caulkett* only applies in the Chapter 7 context.  *See* Nos. 13-1421, 14-163, 2015 WL 2464049, at *5 (June 1, 2015).